IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Sherman Ward HACKBARTH, Attorney at Law:

OFFICE OF LAWYER REGULATION, Petitioner,

v.

Sherman Ward HACKBARTH, Respondent.

Supreme Court

*No. 2012AP668–D.—Decided January 25, 2013.*

2013 WI 12

(Also reported in 826 N.W.2d 43.)

¶ 1. PER CURIAM. We review the recommendation of the referee, James C. Boll, Jr., that Attorney Sherman Ward Hackbarth be publicly reprimanded for professional misconduct. That misconduct consists of failing to act with reasonable diligence and promptness in representing a client, failing to adequately communicate with a client, failing to return an advance payment of a fee that he had not earned, and failing to respond to the OLR's investigative requests. The referee also recommended that Attorney Hackbarth be required to pay the costs of the proceeding, which total $436.56 as of October 15, 2012. The referee further recommended that Attorney Hackbarth be required to make restitution to the Wisconsin Lawyers' Fund for Client Protection (the Fund) in the amount of $1,000.

¶ 2. We adopt the referee's findings of fact and conclusions of law. We agree with the referee's conclu-

sion that Attorney Hackbarth's professional misconduct warrants a public reprimand. We further order that Attorney Hackbarth make restitution to the Fund as described below, and that he pay the full costs of this disciplinary proceeding.

¶ 3. Attorney Hackbarth was admitted to practice law in Wisconsin in 2005. The most recent address he has on file with the State Bar of Wisconsin is in Madison, Wisconsin. On October 27, 2010, this court suspended Attorney Hackbarth's Wisconsin law license for his failure to cooperate with the OLR investigation of this matter. His license also was administratively suspended in June 2010 for his failure to comply with mandatory continuing legal education reporting requirements, and in October 2010 for his failure to pay bar dues and assessments and his failure to file the required trust account certification. His license remains administratively suspended.

¶ 4. Attorney Hackbarth did not answer or otherwise appear in this disciplinary proceeding, and the referee made findings of fact and conclusions of law in response to the OLR's motion for default judgment.

¶ 5. The OLR's complaint alleged that in late August or early September 2009, HJ Liquors, LLC hired Attorney Hackbarth to represent it in the acquisition of another business. HJ Liquors made it clear to Attorney Hackbarth that time was of the essence, as it expected to operate the new business in October 2009. HJ Liquors paid Attorney Hackbarth $1,000 as an advanced fee.

¶ 6. Attorney Hackbarth did not draft any documents or take other actions to represent HJ Liquors in the acquisition. He also failed to respond to numerous e-mails and telephone calls from HJ Liquors' principals.

¶ 7. On October 6, 2009, HJ Liquors terminated Attorney Hackbarth's representation and demanded a refund of the $1,000 advanced fee. Attorney Hackbarth did not refund any portion of the $1,000 advanced fee.

¶ 8. On October 16, 2009, HJ Liquors filed a grievance against Attorney Hackbarth with the OLR.

¶ 9. On November 9, 2009, Attorney Hackbarth agreed to provide information regarding HJ Liquors' grievance to the OLR. He failed to do so.

¶ 10. On January 14, 2010, the OLR notified Attorney Hackbarth that it was investigating HJ Liquors' grievance and required Attorney Hackbarth's response to the grievance no later than February 8, 2010. Attorney Hackbarth did not respond.

¶ 11. On March 23, 2010, the OLR sent Attorney Hackbarth a second request by regular and certified mail, requiring a response to the grievance by April 15, 2010. The OLR's certified letter was delivered on or around March 24, 2010. Attorney Hackbarth did not respond.

¶ 12. On July 13, 2010, the OLR wrote Attorney Hackbarth a third letter in the HJ Liquors matter, requiring Attorney Hackbarth's response no later than seven days from when it was served upon him. On August 3, 2010, Attorney Hackbarth was personally served with the OLR's July 13, 2010 letter, along with the OLR's January 14 and March 23, 2010 letters. Attorney Hackbarth did not respond.

¶ 13. In September 2010 this court ordered Attorney Hackbarth to show cause why his Wisconsin law license should not be suspended for his failure to cooperate in the OLR's investigation of the HJ Liquors matter. Attorney Hackbarth did not respond. On October 27, 2010, this court temporarily suspended Attorney Hackbarth's Wisconsin law license.

¶ 14. The Fund subsequently reimbursed HJ Liquors $1,000 for the advanced fee it paid to Attorney Hackbarth.

¶ 15. The referee held a telephone scheduling conference on July 31, 2012. The referee had previously attempted to notify Attorney Hackbarth of the time and date of the scheduling conference via a letter sent to Attorney Hackbarth's last known address on file with the State Bar of Wisconsin, and to two other addresses —one in Madison, Wisconsin, and another in Milton, Wisconsin. Attorney Hackbarth did not appear at the scheduling conference.

¶ 16. At the July 31, 2012 scheduling conference, the OLR moved for default judgment. The referee orally granted the motion.

¶ 17. On September 5, 2012, the referee filed a report making findings of fact, conclusions of law, and a recommendation for disciplinary sanctions against Attorney Hackbarth. The referee recommended that Attorney Hackbarth be declared in default. The referee determined that Attorney Hackbarth violated SCR 20:1.3[1] by failing to advance the interests of HJ Liquors in its business acquisition attempt. The referee further determined that Attorney Hackbarth violated SCR 20:1.4(a)(2), (3), and (4)[2] and SCR 20:1.4(b)[3] by failing to communicate in any way with the principals of HJ

---

[1] SCR 20:1.3 states, "A lawyer shall act with reasonable diligence and promptness in representing a client."

[2] SCR 20:1.4(a)(2), (3), and (4) states as follows:

A lawyer shall: . . .

(2) reasonably consult with the client about the means by which the client's objectives are to be accomplished;

(3) keep the client reasonably informed about the status of the matter;

Liquors after receipt of the $1,000 advanced fee. The referee further determined that Attorney Hackbarth violated SCR 20:1.16(d)[4] by failing to refund the $1,000 advanced fee paid by or on behalf of HJ Liquors when he failed to perform any of the work for which he was hired. The referee further determined that Attorney Hackbarth violated SCR 22.03(2) and (6)[5] via SCR

(4) promptly comply with reasonable requests by the client for information; . . .

[3] SCR 20:1.4(b) states, "A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

[4] SCR 20:1.16(d) provides:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

[5] SCR 22.03(2) and (6) states:

(2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

. . .

(6) In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance.

275

20:8.4(h)[6] by failing to respond to the OLR's January 14, 2010, March 23, 2010, or July 13, 2010 letters.

¶ 18. Based on the determinations of misconduct, the referee recommended that Attorney Hackbarth be publicly reprimanded. The referee also recommended that Attorney Hackbarth be ordered to reimburse the Fund in the amount of $1,000 for the payment the Fund made to HJ Liquors due to Attorney Hackbarth's misconduct.

¶ 19. The matter is now before this court to review the referee's report and recommendation. No appeal has been filed, so this matter is submitted to the court pursuant to SCR 22.17(2).[7]

¶ 20. We will not set aside the referee's fact findings unless they are clearly erroneous. *In re Disciplinary Proceedings Against Inglimo,* 2007 WI 126, ¶ 5, 305 Wis. 2d 71, 740 N.W.2d 125. We review conclusions of law de novo. *Id.* Finally, we determine the appropriate level of discipline given the particular facts of each case, independent of the referee's recommendation, but benefiting from it. *In re Disciplinary Proceedings Against Widule,* 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686.

---

[6] SCR 20:8.4(h) states it is professional misconduct for a lawyer to "fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1); . . . ."

[7] SCR 22.17(2) provides as follows:

If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

¶ 21. We adopt the findings of fact and conclusions of law set forth in the referee's report. In addition, we accept the referee's recommended sanctions. Because Attorney Hackbarth failed to present a defense despite being given multiple opportunities to do so, we declare him to be in default. We agree with the referee that Attorney Hackbarth has engaged in the serious misconduct alleged in the OLR's complaint, warranting a public reprimand. We also deem it appropriate to require Attorney Hackbarth to make restitution to the Fund in the amount of $1,000. Finally, because this case presents no extraordinary circumstances, we require Attorney Hackbarth to pay the full costs of this matter. *See* SCR 22.24(1m) (supreme court's general policy upon a finding of misconduct is to impose all costs upon the respondent attorney).

¶ 22. IT IS ORDERED that Sherman Ward Hackbarth is publicly reprimanded for his professional misconduct. Attorney Hackbarth is reminded that his license to practice law remains administratively suspended. Before Attorney Hackbarth may practice law in Wisconsin, he must provide evidence to this court that he has satisfied his obligations relating to continuing legal education reporting, bar dues and assessments, and trust account certification, *see* SCR 22.28(1), or, alternatively, that he has obtained waivers from the Board of Bar Examiners of his continuing legal education reporting obligation and from the State Bar of Wisconsin of his bar dues and assessments and trust account certification obligations.

¶ 23. IT IS FURTHER ORDERED that within 60 days of the date of this order, Sherman Ward Hackbarth shall pay restitution to the Wisconsin Lawyers' Fund for Client Protection in the amount of $1,000.

¶ 24. IT IS FURTHER ORDERED that within 60 days of the date of this order, Sherman Ward Hackbarth shall pay to the Office of Lawyer Regulation the costs of this proceeding.

¶ 25. IT IS FURTHER ORDERED that the restitution is to be completed prior to paying costs to the Office of Lawyer Regulation.

¶ 26. IT IS FURTHER ORDERED that the director of the Office of Lawyer Regulation shall advise the court if there has not been full compliance with all conditions of this order.